IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WBCMT 2007-C33 OFFICE 9720, LLC, <br>     Plaintiff, <br><br> v. <br><br> NNN REALTY ADVISORS, INC., *et al.*, <br>     Defendants. | § § § § § § § § § § | CIVIL ACTION NO. H-13-2525 |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Summary Judgment [Doc. # 21] filed by Plaintiff WBCMT 2007-C33 Office 9720, LLC ("WBCMT") seeking summary judgment against Defendant NNN Realty Advisors, Inc. ("NNN Realty" or "Guarantor"). NNN Realty filed an Opposition [Doc. # 22], and WBCMT filed a Reply [Doc. # 23]. Having reviewed the full record and applicable legal authorities, the Court **denies** the Motion for Summary Judgment as to NNN Realty's guaranty obligation and **grants** the Motion as to the affirmative defenses.

## **I.   BACKGROUND**

WBCMT is the current owner and holder of certain loan documents, including an Indemnity and Guaranty Agreement ("Guaranty") dated June 20, 2007, under which NNN Realty Advisors, Inc. is the Guarantor. The underlying loan in the

principal amount of $17,500,000.00 was made by Wachovia Bank, N.A. ("Wachovia"), to seventeen "NNN Cypresswood Drive, LLC" entities.[1]  The Loan was secured in part by a Deed of Trust, Security Agreement and Fixture Filing ("Security Agreement") encumbering certain commercial real property ("Property") in Harris County, Texas.  Pursuant to a Note Modification dated July 11, 2007, "NNN Cypresswood Drive 25, LLC" was added to the list of entities defined as "Borrower."

On November 30, 2012, WBCMT sent Borrower and Guarantor notice that an "Event of Default" had occurred because "certain sums due and payable . . . are now past due and remain unpaid."  *See* Letter dated November 30, 2012, Exh. A17 to Motion.  Demand for immediate payment of amounts then currently due was made "upon Borrower," but there was no acceleration of the Loan at that time.

On December 31, 2012, NNN Cypresswood Drive 25, LLC filed a voluntary Chapter 11 bankruptcy petition and listed its interest in the Property as an asset of the bankruptcy estate.

---

[1] Specifically, the Guaranty defines "Borrower" as "NNN Cypresswood Drive, LLC" and 16 other limited liability companies designated as "NNN Cypresswood Drive" followed by a numeral, followed by "LLC" (*e.g*., NNN Cypresswood Drive 1, LLC). In subsequent Note Modifications dated July 11, 2007, and October 4, 2007, an additional fifteen entities were included in the "Borrower" list of companies.

On May 7, 2013, WBCMT conducted a non-judicial foreclosure sale of the Property, excluding NNN Cypresswood Drive 25, LLC's interest of approximately 3.3%, and purchased the remaining approximately 97% for $6,925,000.00.

On August 20, 2013, WBCMT gave Notice of default based on the bankruptcy filing by NNN Cypresswood Drive 25, LLC. On October 23, 2013, WBCMT obtained relief from the automatic stay in the bankruptcy proceeding. On December 3, 2013, WBCMT purchased the remaining 3% interest in the Property at a second non-judicial foreclosure sale. At that point, there remained a $14,605,545.06 deficiency owing on the Loan.

WBCMT filed this lawsuit to collect on the Guaranty.[2] WBCMT subsequently filed the pending Motion for Summary Judgment against NNN Realty. WBCMT seeks summary judgment on its breach of guaranty claim, and on NNN Realty's affirmative defenses. The Motion has been fully briefed and is now ripe for decision.

## III.    SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the

---

[2]   Daymark Realty Advisors, Inc., the successor to NNN Realty, is listed as a Co-Defendant.

moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Nat'l Union Fire Ins. Co. v. Puget Plastics Corp.*, 532 F.3d 398, 401 (5th Cir. 2008). If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth specific facts showing the existence of a genuine issue for trial. *See Hines v. Henson*, 293 F. App'x. 261, 262 (5th Cir. 2008) (citing *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004)). The Court construes all facts and considers all evidence in the light most favorable to the nonmoving party. *Nat'l Union*, 532 F.3d at 401.

### III.   WBCMT'S BREACH OF GUARANTY CLAIM

In order to obtain summary judgment on its breach of guaranty claim against NNN Realty, WBCMT must demonstrate that there is no genuine issue of material fact regarding: (1) the existence and its ownership of the Guaranty; (2) the performance of the terms of the contract by WBCMT; (3) the occurrence of the condition on which liability is based, and (4) Guarantor's failure or refusal to perform its promise under the Guaranty. *See Stone v. Midland Multifamily Equity REIT*, 334 S.W.3d 371, 378 (Tex. App. – Dallas 2011, no pet.).

In this case, it is undisputed that WBCMT is the owner of the Guaranty and that the underlying loan proceeds were provided by WBCMT's predecessor, Wachovia. It is also undisputed that NNN Realty has refused to pay under the Guaranty.

The disputed issue in this case involves whether a condition for NNN Realty's liability under the Guaranty has occurred. The Guaranty provides for liability of the Guarantor for amounts due and owing after "the Property or any part thereof becom[es] an asset in (x) a voluntary bankruptcy or insolvency proceeding of Borrower or [Guarantor]." *See* Guaranty, Exh. A4, p. 3. Plaintiff WBCMT argues that NNN Cypresswood Drive 25, LLC's bankruptcy, in which its 3% interest in the Property was listed as an asset of the bankruptcy estate, is an event that gives rise to NNN Realty's obligation under the Guaranty, which WBCMT claims is the entire outstanding obligation. Defendant NNN Realty argues that its obligation under the Guaranty does not arise based on a bankruptcy filing unless all entities included in the defined term "Borrower" file bankruptcy.

When interpreting a guaranty, the "ultimate goal is to determine the intent of the parties." *Resolution Trust Corp. v. Cramer*, 6 F.3d 1102, 1106 (5th Cir. 1993). The Court's first task is to determine whether the Guaranty is ambiguous, and this inquiry is a question of law. *See id.* "If the meaning of a guaranty agreement is uncertain, its terms should be given a construction which is more favorable to the

guarantor." *Moayedi v. Interstate 35/Chisam Road, L.P.*, 438 S.W.3d 1, *7 (Tex. 2014). A "guaranty agreement is strictly construed and may not be extended beyond its precise terms by construction or implication." *Reece v. First State Bank of Denton*, 566 S.W.2d 296, 297 (Tex. 1978).

In this case, Guarantor's obligation under the Guaranty arises if, *inter alia*, any part of the Property becomes an asset in a bankruptcy proceeding "of Borrower." *See* Guaranty, ¶ 1. "Borrower" is a defined as the identified NNN Cypresswood Drive, LLC entities. *See id.*, p. 1. The first sixteen entities are connected with the final listed entity only by the word "and" — not "and/or." The parties' use of the conjunctive indicates that the term "Borrower" refers to the full complement of entities.[3] The Note Modifications each quote the original Guaranty list of entities comprising the "Borrower" and contain a separate Schedule listing additional entities within the definition of "Borrower." *See, e.g.*, Note Modification dated July 11, 2007, Exh. A5 to Motion.

WBCMT argues that the Guaranty incorporates the definition of "Borrower" from the Security Agreement. Accepting for purposes of the pending Motion that the

---

[3] Indeed, WBCMT implicitly acknowledges the disconnect between its argument and the Guaranty's language because WBCMT repeatedly refers in its Motion to "Borrowers" in the plural, despite the Guaranty's use of the singular form when including all the "NNN Cypresswood Drive, LLC" entities.

Security Agreement's definition of "Borrower" applies to the Guaranty, it provides little assistance. The Security Agreement also lists all the NNN Cypresswood Drive, LLC entities, joined together only with the word "and," and contains the additional language "individually or collectively as the context may require." *See* Security Agreement, Exh. A4, p. 1. It is unclear from the documents whether the bankruptcy provision of the Guaranty "may require" that each entity in the list of entities is to be treated individually or collectively. The Court concludes that, when only the agreement language is considered, there is an ambiguity in the Guaranty provision regarding part of the Property becoming an asset of the bankruptcy estate in a bankruptcy proceeding "of Borrower" being a triggering event for Guarantor liability.

WBCMT also asserts that Borrower defaulted on the underlying Loan by failing to make payments. WBCMT does not cite to any provision in the Guaranty that provides for liability of the Guarantor in the event Borrower fails to make payments, and NNN Realty argues affirmatively that the Guaranty contains no such provision. WBCMT did not address this issue in its Reply. The Court rejects WBCMT's contention as unsupported by the controlling documents.

Based on the foregoing, WBCMT is not entitled to summary judgment on its breach of guaranty claim.

## IV.   **AFFIRMATIVE DEFENSES**

In its Answer [Doc. # 14], NNN Realty asserts nine affirmative defenses. In the Motion for Summary Judgment, WBCMT argues that each of the defenses fails as a matter of law. In its Opposition, Guarantor did not explain the legal and factual basis for its affirmative defenses or otherwise address Plaintiff's argument. As a result, summary judgment is granted in favor of WBCMT on NNN Realty's affirmative defenses.

## V. CONCLUSION AND ORDER

The Guaranty is ambiguous and, as a result, WBCMT is not entitled to judgment as a matter of law that NNN Realty is obligated under the Guaranty to pay any deficiency. Absent evidence, argument or legal authority in support of NNN Realty's affirmative defenses, WBCMT is entitled to summary judgment on those defenses. It is, therefore, hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 21] is **DENIED** as to the breach of guaranty claim and **GRANTED** as to the affirmative defenses. The case remains scheduled for docket call at **3:00 p.m. on November 17, 2014**, and the parties are required to mediate this dispute prior to that date.

SIGNED at Houston, Texas, this **15th** day of **October, 2014**.

Nancy F. Atlas
United States District Judge